## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDY BLANKENSHIP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-CV-499-JPG |
| ) | |
| RICHARD BOCOCK, BILLMAN ) | |
| TRUCKING, INC., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for purposes of case management. On June 26, 2006, Randy Blankenship filed a complaint against Richard Bocock and Billman Trucking, Inc. (Doc. 2) invoking this Court's diversity jurisdiction. After its initial review of the complaint, the Court finds Blankenship's jurisdictional allegations insufficient. *See Hammes v. Aamco Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992).

Federal courts have jurisdiction over a civil action between citizens of different states. *See* 28 U.S.C. § 1332. "It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'" *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assoc.*, 101 F.3d 57, 58 (7th Cir. 1996)). Blankenship has alleged his residence and failed to allege Bocock and Billman Trucking, Inc.'s citizenship. Therefore, he has insufficiently pleaded diversity jurisdiction.

Accordingly, the Court **ORDERS** Blankenship to amend his complaint to correct this and any other jurisdictional allegation within **fifteen (15) days** of the entry of this order. *See Tylka v.*

*Gerber Products Co.*, 211 F.3d 445, 448 (7th Cir. 2000). If Blankenship fails to do so, the Court will dismiss this case for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**DATED: July 6, 2006.**

                                                    **s/ J. Phil Gilbert**
                                                    **J. PHIL GILBERT**
                                                    **U.S. District Judge**